```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

MARK ANTHONY HORTON                          CIVIL ACTION

VERSUS                                       NUMBER: 08-3154

SHERIFF JACK STRAIN, ET AL.                  SECTION: "C"(5)


### REPORT AND RECOMMENDATION

The 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Mark Anthony Horton, against defendants, Jack Strain, Sheriff of St. Tammany Parish, and the unnamed warden of the St. Tammany Parish Jail ("STPJ"). It is unclear whether plaintiff also wishes to name the Parish of St. Tammany as a defendant, as he lists the Parish in the caption of his pleading but not in the section on page 4 of the complaint where defendants are to be identified.

Plaintiff is an inmate of STPJ, Covington, Louisiana. He alleges that he was arrested on January 22, 2008 but did not receive a "24 hour hearing" until February 2, 2008. In his prayer for relief, plaintiff states as follows: "'Talle Action' I Mark

Horton receive[d] minor back pain from it.". (Complt. at p. 5).

To the extent that plaintiff's complaint can be read as asserting that his present custody is unlawful because he did not receive an in-court appearance within twenty-four hours of his arrest, plaintiff raises a habeas corpus issue which cannot be addressed until he has exhausted available state court remedies with respect to it. See McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994). On that score, plaintiff indicates on the face of his complaint, in answer to Question 1(A) of the standardized §1983 form, that he has not initiated any other lawsuits in state court dealing with the same facts involved in this action or otherwise relating to his imprisonment. (Complt. at p. 1). Accordingly, insofar as the instant matter can be construed as a request for federal habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any colorable §1983 claims are raised by plaintiff's complaint.

It is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the

rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  "Personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing Rizzo v. Goode, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05 (1976)).  And because the concept of respondeat superior has no place in §1983 proceedings, to establish liability on the part of a supervisory correctional official, a prisoner must set forth specific facts demonstrating personal involvement on the part of the supervisor or a causal connection between an act of the supervisor and the constitutional violation sought to be redressed.  Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).

As noted above, the only individual specifically named as a defendant in plaintiff's complaint is Sheriff Strain.  However, other than naming the Sheriff as a defendant, plaintiff sets forth no facts regarding the Sheriff's involvement in the matters of which plaintiff complains. As such, plaintiff's complaint fails to state a claim upon which relief can be granted as to the Sheriff

and should therefore be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii).[1]/  For the same reason, plaintiff fails to state a viable claim against the Parish of St. Tammany as no <u>facts</u> pertaining to Parish involvement in any injury which occurred to him are apparent from his complaint.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

---

[1]/ The unidentified warden of STPJ cannot be cast in judgment under Rule 17(b), Fed.R.Civ.P.

    New Orleans, Louisiana, this <u>20th</u> day of <u>   May   </u>, 2008.

                                    *Alma L. Chasez*
                                  UNITED STATES MAGISTRATE JUDGE